IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JOSEPH PROPHET,

    Plaintiff,                            No. CIV S-06-2822 FCD EFB P

    vs.

DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.                       ORDER

_____/

       Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

       Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an

amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

1  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

2  Civil Procedure is fully warranted" in prisoner cases).

3      A district court must construe pro se pleading "liberally" to determine if it states a claim

4  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

5  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

6      Plaintiff alleges the following:

> The warden Clay is the warden where petitioner is being housed. Warden M. Veal is where the petitioner was housed until March 17, 2006. As the petitioner was received into the department of correction [sic] on October 06, 2005 where petitioner was placed in AdSeg as a paper error on the action of P. Rhodes CCI. On october [sic] 11, 2005 petitioner addressed Lt. R. Williams [illegible] the due date documents concerning THE CALIFORNIA SUPREME COURT. Where that was over looked due housing placement. The mail room was ask for mailing addresses to several places that was denied. The property Officers second watch T. J. Jones was assigned to petitioner care of his property whereas there are missing items and some distored [sic] also as there were documents to support claim. As the CCI of DVI didn't add [illegible] documents to the petitioner C. files which is called a 128 G.

14      To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a

15  plaintiff must allege a defendant denied plaintiff a specific right protected by the federal

16  constitution without procedures required by the constitution to ensure fairness, or deliberately

17  abused his power without any reasonable justification in aid of any government interest or

18  objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S.

19  472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State*

20  *Colleges v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff's allegations regarding "AdSeg"

21  (presumably administrative segregation) are unclear. There is no independent, protected interest

22  in being free from administrative segregation and none of the allegations suggest that the

23  conditions therein were so atypical and significant that they gave rise to such an interest.

24  Sandin, 515 U.S. at 485; *see May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

25      Plaintiff had no Fourth Amendment right to freedom from a search of his cell, even

26  though it may have been unreasonable, if that is what he is alleging. *Hudson v. Palmer*, 468 U.S.

525 (1984). Furthermore, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy). Again, the nature of the claim is not identified.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. One can only guess as to the claim intended here.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5