IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Plaintiff,                  No. CIV S-06-2822 FCD EFB P

    vs.

DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. The case was referred to the undersigned pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1). Currently before the court are plaintiff's second amended complaint, his motion to amend that complaint, and his motion for summary judgment and for an order directing defendants to answer. For the reasons explained below, the second amended complaint must be dismissed and his motions must be denied.

**I.**    **Review of the Second Amended Complaint**

    On August 16, 2007, the court dismissed plaintiff's first amended complaint with leave to amend. After obtaining an extension of time to do so, on October 23, 2007, plaintiff filed a second amended complaint. The court has reviewed that complaint pursuant to 28 U.S.C. § 1915A and finds it fails to state a claim for relief.

1

The second amended complaint alleges that in October of 2003, while housed at Deuel Vocational Institution ("DVI"), plaintiff gave a prison official the names of prisoners who posed a threat to himself and to the security of the institution. Plaintiff asserts that this information was not placed in his central file. He later was transferred first to the California Mens' Colony ("CMC"), and then to the California Medical Facility ("CMF"). While at CMF, he encountered one of the prisoners who he considered a threat to his safety. He notified prison officials, who immediately placed him into administrative segregation.[1] Approximately six months after this placement, plaintiff was transferred to the Sierra Conservation Center ("SCC"). He complains that while at CMF and at SCC, he was denied access to the law library and lost his personal property.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that an identified defendant deprived plaintiff of a right secured by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege that a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim that he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his

---

[1] Prisoners may be placed in administrative segregation for both disciplinary and safety reasons. Cal. Code Regs. tit 15, § 3335(a). It appears that plaintiff's placement was for his own safety.

habeas or section 1983 litigation efforts.  *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).

Plaintiff's allegations fail to state a claim for relief under these standards.

Moreover, as the court explained in the January 18, 2007, order, an unauthorized taking of property does not violate the due process clause of the Fourteenth Amendment when, as here, state law provides an adequate post deprivation remedy.  *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (holding that Cal. Gov't Code § 810 provides such a remedy).  Therefore, plaintiff's allegations about the loss of his property does not state a cognizable claim.

## II.     Motion to Amend

On December 3, 2007, plaintiff filed a document styled, "Motion to Amend Complaint and Motion for a Temporary Restraining Order."  The document is unclear, but plaintiff seems to want to add claims to the second amended complaint.  Nowhere does he actually do so.  Therefore, the court construes the motion as one to file a third amended complaint containing claims from the second amended complaint and whatever claim plaintiff is attempting to articulate in the instant motion.  Thus construed, the motion must still be denied.

In his motion, plaintiff asserts that prison mail-room staff are violating his rights.  He does not make any particular allegations.  Instead, he refers the court to more than 30 pages of attachments consisting of grievances, responses, and various memoranda and notes about mistakes on the part of both officers and plaintiff.  The court can discern no cognizable claim from these documents.

Plaintiff also alleges that "there have been numberous [sic] events of retaliation," and violations of his access to the courts.  Plaintiff identifies no state actors and alleges no specific facts, other than to assert that he repeatedly has been transferred among institutions.  Again, the court discerns nothing close to a cognizable claim.

////

////

1  The court is mindful that indigent prisoners proceeding without counsel must be given
2 leave to file amended complaints unless the court can rule out any possibility that the plaintiff
3 could state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000). For that reason
4 plaintiff was granted previous opportunities to articulate a legally cognizable claim and he has
5 been unable to do so.

6 **III.    Motion for Summary Judgment and an Answer**

7  As explained above, plaintiff has not stated any claim for relief.   Therefore it is
8 inappropriate to order the defendants to file an answer, and necessarily, plaintiff is not entitled to
9 judgment as a matter of law. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 56.

10  Accordingly, it is hereby RECOMMENDED that:

11  1. Plaintiff's December 3, 2007, motion to amend the complaint be denied;

12  2. Plaintiff's August 8, 2008, motion for summary judgment and for an order to answer
13 be denied; and,

14  3. This action be dismissed with prejudice for plaintiff's failure to state a claim. *See* 28
15 U.S.C. § 1915A;

16  These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after
18 being served with these findings and recommendations, any party may file written objections
19 with the court and serve a copy on all parties. Such a document should be captioned "Objections
20 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
21 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
22 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  January 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE